**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIVERWOOD PARTNERS, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   3:10-CV-668-RCJ-VPC<br>) |
| MAX BAER PRODUCTIONS, LTD, | )   **ORDER**<br>) |
| Defendant. | )<br>) |

Currently before the Court is Defendant Max Baer Productions, LTD's Motion for Summary Judgment (#21). The Court heard oral argument on January 17, 2012.

**BACKGROUND**

In November 2010, Plaintiff Riverwood Partners, LLC ("Riverwood") filed an amended complaint for deficiency judgment against Defendant Max Baer Productions, LTD ("MBP"). (Amended Compl. (#3)). In the amended complaint, Riverwood alleged the following. (*Id.* at 2). In September 2007, MBP entered into a sales agreement to purchase 21.42 acres of land in Douglas County, Nevada from Riverwood. (*Id.*). In October 2007, MBP and Riverwood entered into a straight note agreement for $500,000 secured by a deed of trust. (*Id.*). The deed of trust was limited to the southernly 15.83 acres of the purchased land. (*Id.*). By the terms of the straight note, MBP agreed to repay the note 30 days after the resolution of a lawsuit that MBP faced but no later than two years from the note's creation. (*See* Straight Note (#9-2) at 2). The lawsuit against MBP was resolved on August 11, 2009, making the straight note payment due September 10, 2009. (Amended Compl. (#3) at 3).

In October 2007, Riverwood and MBP also entered into a Cost Sharing and

Development Agreement ("Development Agreement") secured by the same deed of trust. (*Id.*). Under the Development Agreement, MBP was obligated to pay its pro rata share of the improvement costs for developing the land. (*Id.*). On September 16, 2009, Riverwood sent a written request for payment of $273,656.84. (*Id.*). Riverwood alleged that, pursuant to the Development Agreement, MBP had 15 days to pay the requested amount. (*Id.*). MBP did not pay Riverwood. (*Id.*).

Because MBP allegedly defaulted on its obligations under the deed of trust, Riverwood conducted a trustee's sale pursuant to NRS § 107.080. (*Id.* at 3-4). Riverwood purchased the land at the trustee's sale by submitting the highest credit bid of $10,000. (*Id.* at 3). In its sole claim for relief, Riverwood seeks a deficiency judgment pursuant to NRS § 40.455. (*Id.* at 4). Riverwood alleges that, at the time of the sale, when combining the straight note, Development Agreement, and interest, MBP owed $923,457.02. (*Id.*).

## LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

**DISCUSSION**

On August 5, 2011, Defendant MBP filed a motion for summary judgment on grounds that Riverwood failed to pay the $10,000 to purchase the real property. (Mot. for Summ. J. (#21) at 1). MBP argues that Riverwood failed to pay for the property at or after the foreclosure sale and, therefore, does not own the property that it seeks a deficiency judgment on. (*Id.* at 2). MBP asserts that after the alleged foreclosure sale on April 28, 2010, MBP continued to receive tax statements from the Douglas County Treasurer. (*Id.*; *see* Douglas County Treasurer Correspondence (#21-1) at 5-8). MBP asserts that, after receiving the tax statements, MBP contacted First American Title Insurance Company, the purported foreclosure trustee, to determine why it had not recorded a trustee's deed upon sale and why it had not provided Riverwood a trustee's deed. (Mot. for Summ. J. (#21) at 3; *see* First American Correspondence (#21-1) at 10-11). First American responded that the trustee's deed was available to Riverwood "upon payment of the appropriate fees." (First American Correspondence (#21-1) at 10). MBP asserts that, as of July 5, 2011, Riverwood had not paid its fees and First American had not delivered the trustee's deed to Riverwood. (Mot. for

Summ. J. (#21) at 4; *see* Roger Camras Decl. (#21-1) at 2). MBP argues that pursuant to NRS § 40.455 and Nevada case law, Riverwood cannot seek a deficiency judgment on a property that has not been sold. (Mot. for Summ. J. (#21) at 5-6).

In response, Riverwood argues that Nevada law does not require a party to record a trustee's deed in order for the trustee's sale to be deemed valid. (Opp'n to Mot. for Summ. J. (#30) at 4). To demonstrate that the trustee's sale did occur, Riverwood attaches a copy of the Notice of Trustee's Sale that was recorded in Douglas County on March 29, 2010. (*Id.* at 5; Notice of Trustee's Sale (#30-2) at 2). The Notice of Trustee's Sale stated that the trustee's sale would take place on April 28, 2010, at 1:00 p.m at a public auction and that the property would be sold to the highest bidder for cash. (Notice of Trustee's Sale (#30-2) at 2). Riverwood also attached an unrecorded, un-notarized, and unsigned copy of the Trustee's Deed Upon Sale. (Trustee's Deed (#30-3) at 2-3). The Trustee's Deed Upon Sale stated that Riverwood purchased the property for $10,000 at a public auction on April 28, 2010. (*Id.* at 3). Riverwood acknowledges that MBP can only point to the fact that Riverwood has not paid its agent for its services, but notes that that fact does not affect the validity of the trustee's sale itself. (Opp'n to Mot. for Summ. J. (#30) at 5).

Nevada Revised Statute § 40.455 provides that:

> upon application of the judgment creditor or the beneficiary of the deed of trust within 6 months after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust *if it appears from the sheriff's return or the recital of consideration in the trustee's deed* that there is a deficiency of the proceeds of the sale and a balance remaining due to the judgment creditor or the beneficiary of the deed of trust, respectively.

Nev. Rev. Stat. § 40.455(1) (emphasis added).

In this case, the Court grants the motion for summary judgment. There is no evidence that a valid deed of trust exists in this case. Riverwood has provided this Court with an unsigned and un-notarized copy of the deed of trust. The Court grants the motion for summary judgment (#21), with prejudice, because there is no evidence that a sale has occurred.

4

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion for Summary Judgment (#21) is GRANTED with prejudice.

DATED: This 31st day of January, 2012.

_____
United States District Judge