UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RIVERWOOD PARTNERS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | 3:10-CV-668-RCJ-VPC |
| MAX BAER PRODUCTIONS, LTD., | ) | **ORDER** |
| Defendant. | ) | |

Currently before the Court is Plaintiff's Motion for Reconsideration and/or Clarification (#36).

**BACKGROUND**

In November 2010, Plaintiff Riverwood Partners, LLC ("Riverwood") filed an amended complaint for deficiency judgment against Defendant Max Baer Productions, LTD ("MBP"). (Amended Compl. (#3)). In the amended complaint, Riverwood alleged the following. (*Id.* at 2). In September 2007, MBP entered into a sales agreement to purchase 21.42 acres of land in Douglas County, Nevada from Riverwood. (*Id.*). In October 2007, MBP and Riverwood entered into a straight note agreement for $500,000 secured by a deed of trust. (*Id.*). The deed of trust was limited to the southerly 15.83 acres of the purchased land. (*Id.*). By the terms of the straight note, MBP agreed to repay the note 30 days after the resolution of a lawsuit that MBP faced but no later than two years from the note's creation. (*See* Straight Note (#9-2) at 2). The lawsuit against MBP was resolved on August 11, 2009, making the straight note payment due September 10, 2009. (Amended Compl. (#3) at 3).

In October 2007, Riverwood and MBP also entered into a Cost Sharing and

Development Agreement ("Development Agreement") secured by the same deed of trust. (*Id.*). Under the Development Agreement, MBP was obligated to pay its pro rata share of the improvement costs for developing the land. (*Id.*). On September 16, 2009, Riverwood sent a written request for payment of $273,656.84. (*Id.*). Riverwood alleged that, pursuant to the Development Agreement, MBP had 15 days to pay the requested amount. (*Id.*). MBP did not pay Riverwood. (*Id.*).

Because MBP allegedly defaulted on its obligations under the deed of trust, Riverwood conducted a trustee's sale pursuant to NRS § 107.080. (*Id.* at 3-4). Riverwood purchased the land at the trustee's sale by submitting the highest credit bid of $10,000. (*Id.* at 3). In its sole claim for relief, Riverwood sought a deficiency judgment pursuant to NRS § 40.455. (*Id.* at 4). Riverwood alleges that, at the time of the sale, when combining the straight note, Development Agreement, and interest, MBP owed $923,457.02. (*Id.*).

In August 2011, MBP filed a motion for summary judgment on grounds that Riverwood failed to pay the $10,000 to purchase the real property. (Mot. for Summ. J. (#21) at 1). MBP argued that Riverwood failed to pay for the property at or after the foreclosure sale and, therefore, did not own the property that it sought a deficiency judgment on. (*Id.* at 2). MBP asserted that after the alleged foreclosure sale on April 28, 2010, MBP continued to receive tax statements from the Douglas County Treasurer. (*Id.*; *see* Douglas County Treasurer Correspondence (#21-1) at 5-8). MBP asserted that, after receiving the tax statements, MBP contacted First American Title Insurance Company, the purported foreclosure trustee, to determine why it had not recorded a trustee's deed upon sale and why it had not provided Riverwood a trustee's deed. (Mot. for Summ. J. (#21) at 3; *see* First American Correspondence (#21-1) at 10-11). First American responded that the trustee's deed was available to Riverwood "upon payment of the appropriate fees." (First American Correspondence (#21-1) at 10). MBP asserted that, as of July 5, 2011, Riverwood had not paid its fees and First American had not delivered the trustee's deed to Riverwood. (Mot. for Summ. J. (#21) at 4; *see* Roger Camras Decl. (#21-1) at 2). MBP argued that pursuant to NRS § 40.455 and Nevada case law, Riverwood could not seek a deficiency judgment on a

property that had not been sold. (Mot. for Summ. J. (#21) at 5-6).

In response, Riverwood argued that Nevada law did not require a party to record a trustee's deed in order for the trustee's sale to be deemed valid. (Opp'n to Mot. for Summ. J. (#30) at 4). To demonstrate that the trustee's sale did occur, Riverwood attached a copy of the Notice of Trustee's Sale that was recorded in Douglas County on March 29, 2010. (*Id.* at 5; Notice of Trustee's Sale (#30-2) at 2). The Notice of Trustee's Sale stated that the trustee's sale would take place on April 28, 2010, at 1:00 p.m at a public auction and that the property would be sold to the highest bidder for cash. (Notice of Trustee's Sale (#30-2) at 2). Riverwood also attached an unrecorded and un-notarized copy of the Trustee's Deed Upon Sale. (Trustee's Deed (#30-3) at 2-3). The Trustee's Deed Upon Sale stated that Riverwood purchased the property for $10,000 at a public auction on April 28, 2010. (*Id.* at 3). Riverwood acknowledged that MBP could only point to the fact that Riverwood had not paid its agent for its services, but noted that that fact did not affect the validity of the trustee's sale itself. (Opp'n to Mot. for Summ. J. (#30) at 5).

On January 17, 2012, the Court heard oral argument on the motion for summary judgment. (*See* Order (#35) at 5). On January 31, 2012, this Court entered an order granting MBP's motion for summary judgment with prejudice. (*Id.* at 5). The Court found that there was "no evidence that a valid deed of trust[1] exist[ed] in this case" and that Riverwood had provided the Court with "an unsigned and un-notarized copy of the deed of trust[2]." (*Id.* at 4).

## LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d

---

[1] The Court GRANTS Riverwood's motion for clarification seeking to clarify whether the Court meant to say "trustee's deed" rather than "deed of trust" in its order. (Mot. for Clarification (#36) at 9). Upon clarification, this Court intended to use the word "trustee's deed" instead of "deed of trust."

[2] Upon motion for clarification, the Court clarifies that the term "trustee's deed" should replace "deed of trust."

3

1   1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with
2   newly discovered evidence, (2) committed clear error or the initial decision was manifestly
3   unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands,*
4   *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to
5   re-litigate the same issues and arguments upon which the court already has ruled." *Brown v.*
6   *Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

## DISCUSSION

8   Riverwood files a motion for reconsideration of this Court's January 31, 2012 order.
9   (Mot. for Reconsideration (#36) at 1). Riverwood argues that the Court erred in concluding
10  that a trustee's deed must be signed before a deficiency judgment may be sought. (*Id.* at 4).
11  Riverwood asserts that a signed or unsigned trustee's deed can show that there is a deficiency
12  and that Nevada law does not require Riverwood to have a signed and recorded trustee's
13  deed in order to seek a deficiency judgment on the remaining debt. (*Id.*). Riverwood asserts
14  that, on January 30, 2012, Riverwood recorded a signed trustee's deed. (*Id.* at 5). Riverwood
15  also argues that there was ample evidence that a trustee's sale did occur because they
16  submitted evidence of a recorded notice of default and notice of trustee's sale. (*Id.* at 6).
17  Riverwood also argues that the order results in manifest injustice because it precludes
18  Riverwood from pursuing a deficiency judgment on $913,457.02. (*Id.* at 8).

19  In response, MBP asserts that Riverwood does not present any new arguments in its
20  motion for reconsideration that were not presented before. (Resp. to Mot. for Reconsideration
21  (#45) at 3). MBP also argues that Riverwood's arguments for reconsideration are not strongly
22  convincing because it only cites one case under California law. (*Id.* at 4). Additionally, MBP
23  argues that Riverwood may not cure its failure to produce evidence in its opposition to its
24  motion for summary judgment in this motion for reconsideration. (*Id.* at 5).

25  In reply, Riverwood argues that it has demonstrated that Nevada law does not require
26  a signed trustee's deed as a prerequisite to an action for deficiency judgment. (Reply to Mot.
27  for Reconsideration (#48) at 2). Riverwood argues that this Court's order imposes new
28  requirements on the parties seeking deficiency judgment in federal court that do not exist

under Nevada law. (*Id.*).

Nevada Revised Statute § 40.455 provides that:

> upon application of the judgment creditor or the beneficiary of the deed of trust within 6 months after the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust *if it appears from the sheriff's return or the recital of consideration in the trustee's deed* that there is a deficiency of the proceeds of the sale and a balance remaining due to the judgment creditor or the beneficiary of the deed of trust, respectively.

Nev. Rev. Stat. § 40.455(1) (emphasis added).

In this case, the Court denies the motion for reconsideration. The Court granted MBP's motion for summary judgment because Riverwood did not provide any valid evidence that a trustee's sale had taken place. The trustee's deed presented to the Court during summary judgment failed to prove that a trustee's sale had taken place because the document contained no authenticating marks of its validity. Although Riverwood states that it presented a valid notice of default and a valid notice of trustee's sale, those documents are not evidence that a valid trustee's sale took place because those documents demonstrate events that occur before the actual trustee's sale. Although Riverwood now presents the Court with a valid trustee's deed to prove the existence of a sale, that evidence is not grounds to reconsider this Court's previous order. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (holding that the "overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence'" for a motion for reconsideration). As such, the Court denies the motion for reconsideration (#36).

///
///
///
///
///
///
///

5

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Reconsideration and/or Clarification (#36) is DENIED in part and GRANTED in part. The Court DENIES the motion for reconsideration but GRANTS the motion for clarification.

DATED: This 6th day of July, 2012.

_____
United States District Judge